IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                    :

DOMINGO J. TROCHE OLIVIERI,         :    CASE NO. 05-11635(SEK)

    DEBTOR                          :    CHAPTER 11

------------------------------
POPULAR AUTO,                       :

    MOVANT                          :

v.                                  :    **FILED & ENTERED**

DOMINGO J. TROCHE OLIVIERI,         :    1 0 JUN 2006

    RESPONDENT                      :    CLERK
------------------------------           U.S. BANKRUPTCY COURT
                                         SAN JUAN, PUERTO RICO



## OPINION AND ORDER

Before the Court is Movant's motion for relief from the automatic stay for "cause" pursuant to 11 U.S.C. § 362(d)(1).  In his reply Debtor admits owing six post-petition installments, and states he will require 30 days to cure or include the arrears in a reorganization plan to be filed under Chapter 11 of the Code.  He also states that any pre-petition arrears will be paid thru the mentioned plan and/or through negotiations with the creditor.  Twenty days later, on the eve of the hearing scheduled to consider the motion, Debtor amended his reply stating it "should be considered a request for payment of adequate protection payments pursuant to 11 U.S.C. § 363, since Debtor's plan of reorganization has neither been proposed or confirmed, as the reorganization is still in its initial stages."

The issue at bar is whether Movant has met its burden of showing there is "cause" for terminating the stay.  We rule in favor of the Movant for reasons that follow.

2

## BACKGROUND

The record shows Debtor filed for bankruptcy protection on October 14, 2005, under Chapter 13 of the U.S. Bankruptcy Code, without proffering schedules, a statement of financial affairs or a proposed plan.  He failed to attend four meeting of creditors. Schedules were filed on January 25, 2006.  Therein, he lists a 1998 Chevrolet Corvette valued at $14,900 and a 2002 Chevrolet Avalanche valued at $18,925.  This motion concerns the loan with a lien held by Movant encumbering the Chevrolet Avalanche.  This loan calls for payments of equal monthly installment of $808.61.  Debtor owse $1,738.51 of pre-petition arrears, and $5,094.24 of post-petition arrears as of April 10, 2006.

On May 3, 2006, Debtor filed a Notice converting this case to Chapter 11.  Yesterday, he amended his reply to the motion for relief, claiming the loan's per diem has not been provided, and questions the payoff balance offered by Movant's Counsel, as it is slightly higher than the one stated in Movant's proof of claim.

During today's hearing[1], Debtor indicated he was offering adequate protection payments of $117.00 per month, commencing on the date the motion for relief was filed, and continuing up to the confirmation of a Chapter 11 plan.  Movant rejects this offer.

Movant argues Debtor has the use of the vehicle since the filing of the petition without paying a single post petition monthly loan installment.  During this time, its collateral has depreciated. It



---

[1]  We consider today's hearing a consolidated preliminary and final hearing. 11 U.S.C. § 362(e)(1).

3

claims the automobile which is a luxury SUV convertible to a pick up truck, is not needed for Debtor's reorganization, and points to the other vehicle owned by the Debtor (the Corvette) as a source of possible payment.  Furthermore, Movant argues, Debtor has been abusing the bankruptcy process by failing to submit to creditor examination, late filing of schedules and converting the case to Chapter 11 so as to begin the reorganization process anew.  In sum, Debtor has benefitted from the automatic stay for six months without taking any steps to further his reorganization, to the detriment of creditors. Movant concludes, the entire situation of this case is "cause" for granting the relief.

Debtor claims Movant has not met its burden of proving there is no equity in the collateral and that it is not needed for the reorganization.  Furthermore, Debtor counters the request for relief for "cause" by offering the adequate protection payments, albeit as of the date this request for relief was filed.



### DISCUSSION

We begin by reviewing the pertinent reasons why relief from the automatic stay may be granted pursuant to 11 U.S.C. § 362 (d).

> On request of a party in interest and after notice and a hearing, a court shall grant relief provided in section (a) of this section, such as terminating ... such stay-
>> (1) for cause, **including** lack of adequate protection of an interest in property of such party in interest;
>> (2) with respect to a stay against act against property under section (a) of this section, if-
>>> (A) the debtor does not have an equity in such property; and
>>> (B) such property is not necessary to an effective reorganization. (Our emphasis)

Hence, Movant may invoke any or both of the two reasons why the

4

Court should terminate the automatic stay.  Here, Movant invokes the first reason claiming the entire circumstances of this cause are sufficient "cause" for lifting the stay, and the payments of $117.00 are not adequate protection.  We agree.

The circumstances of this case show Debtor has engaged in unnecessary delay in reorganizing his finance that is detrimental to this Creditor for no legitimate reason.  Furthermore, we find that $117.00, a fraction of the contractual monthly installment, does not adequately compensate this Creditor for the use of its collateral, which we all know depreciates constantly.

WHEREFORE, we find Movant met its burden of proof under the Code section invoked, and terminate the automatic stay as requested.

**SO ORDERED**, in San Juan, Puerto Rico, on May 10, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge